**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Neil Hackrott, II,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-21-00564-PHX-DJH<br><br>**ORDER** |

Plaintiff seeks judicial review of the Social Security Administration ("SSA") Commissioner's decision denying his application for SSA disability benefits. Plaintiff filed an Opening Brief (Doc. 21) on February 16, 2022. Defendant filed a Response Brief (Doc. 24) on May 16, 2022. Plaintiff filed his Reply Brief (Doc. 25) on May 26, 2022. The Court has reviewed the briefs and the Administrative Record (Doc. 16, "R."). For the following reasons, the Court affirms the Administrative Law Judge's ("ALJ") decision.

**I.    Background**

On October 19, 2015, Plaintiff filed an application for a period of disability and disability benefits with an alleged onset date of January 2, 2011. (R. at 22). An ALJ issued an unfavorable decision on August 27, 2018. (R. at 19). And the Appeals Council denied Plaintiff's request for review. (R. at 3). Plaintiff sued and, pursuant to the parties' stipulation, the district court reversed and remanded the decision. (R. 1239). On remand the Appeals Council directed a new ALJ to "[r]e-evaluate and explain whether the severity of the claimant's impairments meets or equals the severity of a listed impairment . . . ."

(R. at 1246). After a new hearing, a separate ALJ issued an unfavorable decision on January 29, 2021. (R. at 1167–78). This appeal followed.

In the most recent decision, the ALJ found that Plaintiff's multilevel degenerative disc disease and chronic obstructive pulmonary disease were severe. (R. at 1170). The ALJ found that Plaintiff's hypertension, hyperlipidemia, gastroesophageal reflux disease, obesity, and anxiety were nonsevere. (*Id.*) The ALJ found Plaintiff's claims of fibromyalgia and neuropathy were not medically determinable. (R. at 1172).

In reviewing the opinion evidence, the ALJ only assigned little weight to the treating opinions of two nurse practitioners and a physician's assistant. (R. at 1175–76). The ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform a range of light work. (R. at 1172).

## II.     Standard of Review

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines

whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's residual functional capacity and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

### III. Discussion

Plaintiff raises three issues, which the Court discusses in turn.

### A. Opinion Evidence of Other Medical Sources

Plaintiff first argues that the ALJ failed to properly weight the opinions of the treating source opinions. These opinions consisted of two opinions by nurse practitioners, Kendra Carter and Michelle LaMendola, as well as an opinion by a physician's assistant, Thomas Sirrine. The ALJ assigned limited weight to these opinions because they were not consistent with the medical record. (R. at 1175).

The parties agree that because this action was filed before March 27, 2017, these opinions of nurse practitioners and a physician's assistant constitute "other medical sources," not acceptable medical sources. (Docs. 21 at 7; 25 at 5); *see* 20 C.F.R. § 404-1502. An ALJ may discount such testimony by giving "reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (cleaned up).

Upon review of the record, the Court concurs with the ALJ's findings. The opinions of Michelle LaMendola and Kendra Carter stated that Plaintiff could not sit, stand, or walk for more than one hour in an eight-hour workday, nor could he carry more than ten pounds.

(R. at 588, 1162). Thomas Sirrine opined that Plaintiff could not sit, stand, or walk for more than two hours per workday and that he could only occasionally lift ten pounds. (R. at 811). These opinions contradict other treatment records showing normal gait and movement of extremities. (R. at 328, 694, 772, 1109). That the opinions contradicted this evidence is a sufficiently germane reason to assign little weight to the opinions. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (noting that inconsistency with the medical record is a germane reason to discount testimony).

### B. The ALJ's Assessment of the Evidence

Next, Plaintiff argues that the ALJ erred by relying on stale medical opinions and her own lay knowledge when formulating the RFC. In particular, he argues the ALJ relied on a 2016 opinion of a non-examining physician while not considering a 2019 MRI that shows a considerably deteriorated condition. He also claims that the ALJ impermissibly made her own medical assessment of Plaintiff by finding greater postural limitations were warranted without changing Plaintiff's exertion level.

The Court finds that the ALJ supported the RFC with substantial evidence and did not impermissibly impose her lay knowledge. The ALJ did not rely on the 2016 opinion as she only gave it partial weight. (R. at 1175). In fact, she recognized that the doctor "was not privy to records received at the hearing level" that showed greater limitations were warranted. (R. at 1175).

Next, although the ALJ did not explicitly consider the 2019 MRI, she did discuss MRIs from 2018 and 2020, and she found these MRIs supported the RFC but not a finding of disability. (R. at 1173–74). An ALJ cannot cherry pick evidence, but its analysis need only exemplify the broader record. *See Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016); *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015). Here, the Court finds that the ALJ's analysis did exemplify the broader record. As discussed above treatment records show a normal gait and movement in the extremities, which is consistent with the results of the 2018 and 2020 MRIs that show mild to moderate spine issues. (R. at 1150, 1370–71). The 2019 MRI, which shows severe issues in the cervical spine, is an outlier.

(R. at 1382). The record as a whole provides substantial evidence to support the ALJ's ultimate conclusion, and it does not simply reflect the ALJ's own opinion.

**C. Appeals Council Remand**

Finally, Plaintiff argues that the ALJ failed to properly abide by the Appeals Council's instructions to re-evaluate and explain whether the severity of Plaintiff's impairments meets or equals the severity of a listed impairment at step three. The ALJ failed, Plaintiff argues, by ignoring cervical imaging and improperly rejecting pain management records.

At step three, Plaintiff bears the burden to show that he has an impairment that meets or equals the Commissioner's criteria. *See Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). Here, the ALJ looked to "Listing 1.04A" for spinal disorders, which requires "evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)." (R. at 1172).[1]

The ALJ found that "numerous physical examinations failed to show any motor loss, atrophy and positive straight leg raise findings." (*Id.*) (citing R. at 321–420, 440–41, 690, 688, 760, 776, 782, 1052–53, 1063, 1106, 1112, 1123, 1125, 1156). The ALJ also rejected some evidence of "weakness" in a particular set of pain management records because each visit's notes were the same. (R. at 1172).

Plaintiff concedes that some of the pain records evidencing weakness "appear to be the same" but nonetheless argues, with a hypothetical, if it "would be impossible for results to remain the same . . . ?" (Doc. 21 at 23). Plaintiff also notes that the ALJ did not fault other pain management providers who documented "the same physical examination findings . . . ." (Doc. 21 at 24) (quoting R. at 1175). The Court finds this argument unpersuasive. Plaintiff bears the burden of showing a spinal disorder. The ALJ cited to

---

[1] Listing 1.04A has been moved into Listing 1.15. Rescission of Acquiescence Ruling 15–1(4), 85 Fed. Reg. 79063 (Dec. 8, 2020); *see also* 20 C.F.R. § Pt. 404, Subpt. P, App. 1 § 1.15.

many records showing that Plaintiff does not qualify for the spinal disorder listing. Asking the hypothetical question of whether it is possible for the notes to remain the same does not suffice to carry Plaintiff's burden.

Plaintiff also argues that the ALJ cherry picked evidence and omitted evidence showing displacement of nerve root and severe stenosis. But this argument ignores the fact that Plaintiff needs to also show weakness and positive straight-leg testing. 20 C.F.R. § Pt. 404, Subpt. P, App. 1 § 1.15. Plaintiff also argues that the ALJ should have requested further medical opinions. But Plaintiff has the burden to show the impairment meets all the criteria, not the ALJ. *See Burch*, 400 F.3d at 683.

**IV.    Conclusion**

The Court finds that substantial evidence supports the ALJ's decision.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment accordingly and terminate this action.

Dated this 17th day of August, 2022.

_____
Honorable Diane J. Humetewa
United States District Judge